Kelly, C.J.
(dissenting). I dissent from this Court’s decision to deny leave to appeal for the reasons stated in my dissenting opinion in *948 People v Petit.[1] I would remand this case to the trial court for resentencing. The trial court did not give defendant an opportunity to address the court at sentencing. This was a clear violation of MCR 6.425(E)(1)(c).
As I noted in Petit, “[a]s early as 1689, the common law acknowledged that reversal is required when a court fails to invite a defendant to speak before sentencing.”[2] This case involves facts more egregious than those in Petit[3] Thus, given the importance of the right of allocution and the outright denial of that right here, I would remand this case for allocution and resentencing.
Finally, I concur with Justice Makkman’s dissenting statement regarding the assessment of probation fees and would include in the remand order directions to the trial court to properly apply MCL 771.3c.

 People v Petit, 466 Mich 624, 636-639 (2002) (Kelly, J., dissenting).

 Petit, supra at 637 (Kelly, J., dissenting).

 In Petit, a majority of this Court concluded that the trial court’s question regarding whether the parties had “anything further” provided defendant with an adequate opportunity to address the court. In this case, by contrast, the record indicates that the trial cburt offered no one an opportunity to address the court at any time during the sentencing hearing.